

C O P Y

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

rald C. Mann
torney General

April 22, 1939

Honorable Truett Hubbard
County Attorney
Canton, Texas

Dear Sir:

> Opinion No. O-667
> Re: Whether nepotism statute ap-
> plies and renders invalid a
> teacher's contract where dur-
> ing the term thereof a rela-
> tive of the teacher is elect-
> ed to the board of trustees

We are in receipt of your letter of April 19, 1939, wherein you request our opinion as to whether a school teacher's contract is rendered invalid where during the term thereof a relative of the teacher is elected to the Board of Trustees of the school district employing such teacher.

Article 432 Penal Code provides in part as follows:

> "No officer of this State or any offi-
> cer of any * * * school district * * *
> shall appoint, or vote for, or confirm the
> appointment to any office, position, clerk-
> ship, employment or duty, of any person re-
> lated within the second degree by affinity
> or within the third degree by consanguinity
> to the person so appointing or so voting,
> or to any other member of any such board,
> the Legislature, or court of which such
> person so appointing or voting may be a
> member * * *."

A careful reading of said Article 432 shows that same related only to the situation existing at the time of the appointment or employment. Without this law there would be a tendency in some instances for board members to bring about the employment of close relations to the exclu-



Honorable Truett Hubbard, April 22, 1939, Page 2


sion of persons better qualified, and who could render
better service. Manifestly, the purpose of this statute
was to eliminate as nearly as possible kinship within
certain degrees as an element of competition. The stat-
ute is satisfied when no such relationship exists at the
time the contract is made. The purpose of the statute
would not be added to by a voiding of a contract under
the conditions existing in this case. If the contract
was valid when made, and the teacher is complying with
his obligation thereunder, the school district could not
invalidate the contract by withdrawing therefrom without
the consent of the teacher. Neither can it do so by
electing a relative of the teacher upon the Board of
Trustees.

Our answer to your question is that the contract
is not rendered invalid by the circumstances which you
mention.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/
        Glenn R. Lewis
GRL-LR            Assistant

APPROVED:

ATTORNEY GENERAL OF TEXAS